540

No opinion. Concur — Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

DOROTHY T. FALES et al., Appellants, v. EDWARD S. WITKOWSKI et al., Respondents, et al., Defendants.—

No opinion. Concur — Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

In the Matter of PADEREWSKI FOUNDATION, INC., on the Petition of DOROTHY T. FALES et al., Appellants, v. GEORGE J. SUSKI et al., Respondents.—

No opinion. Concur — Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

In the Matter of PADEREWSKI FOUNDATION, INC., on the Petition of LEON ZAWISZA, Respondent. PADEREWSKI FOUNDATION, INC., et al., Appellants.

No opinion. Concur — Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

In the Matter of PADEREWSKI FOUNDATION, INC., on the Petition of DOROTHY T. FALES et al., Appellants, v. GEORGE J. SUSKI et al., Respondents.—

No opinion. Concur — Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.

(June 22, 1971)

In the Matter of the Arbitration between LAURATEX TEXTILE CORP., Appellant, and NATHAN GORIN et al., Copartners Doing Business as HERALD TEXTILE Co., Respondents.— Order, Supreme Court, New York County, entered on January 6, 1971, unanimously reversed, on the law, and petitioner-appellant's application to confirm arbitrator's award and to enter judgment against respondents-respondents thereon granted. Appellant shall recover of respondents $50 costs and disbursements of this appeal. Petitioner, having proceeded to arbitration against Herald Textile Co., in the belief that respondent Gorin was the proprietor of that concern, discovered, during proceedings supplementary to execution of the judgment entered on the award, that respondent Lo Pinto was Gorin's partner in the business. Serving only Gorin, petitioner moved at Special Term to amend the judgment to add Lo Pinto as a judgment debtor. The motion was denied, the court citing CPLR 1502 ("Provisional remedies and defenses in subsequent action against co-obligor"), apparently as the appropriate remedy. No appeal was taken, but a new petition and notice of motion were then served